Douglass, J.
This cause is here on appeal, and a suit is brought to enjoin the collection of taxes on the sum of $1160.00. The plaintiff is the owner of certain property, properly described in his petition, which was valued for taxation on the duplicate of 1895-at $4,800.00.
After action taken by the proper board it was placed upon the duplicate of 1896, at $5,960.00 This addition of $1,160.00 to the taxable valuation was so made by reason of the fact that certain changes had been made in the structure situated upon the premises.
The Board of Supervisors of the city of Cincinnati, acting as the City Annual Board of Equalization, added this value in 1896, and it is claimed that the same was made without notice to the plaintiff, and hence an injunction was prayed for, and temporary order made.
The auditor contends that prior to 1896 the plaintiff had improved the property by altering, remodeling and rebuilding the structure thereon, and by making and erecting new *349 structures thereon, which after a view by the Board of Equalization resulted in this added value, which now properly appears upon the duplicate. The plaintiff denies, as a matter of fact, that any new structures were erected on said premises, and denies that this added value was so found by reason of any gross inequality existing in the value of any new structure. Upon final hearing in the court below the petition of the plaintiff was dismissed.
As we view this case, as governed by the legislation that must control, we have the single question presented, namely, what was the character of this improvement? Was it a repair, alteration or modification of an existing building in its internal arrangement or economy, or was it, under the evidence in this case, a new structure.
It would seem that a fair construction of sec. 2807, Revised Statutes, would not permit any additions to the taxable valuation without notice to the parties, except in case of new structures.
Revised Statutes 2804 provides the method of equalizing assessments in cases of gross inequality, and make action taken in that behalf absolutley void in the absence of notice.
Revised Statutes 2753 provides the methods of assessing new structures, etc. Here no notice is required. Now, on this proposition, which is the single question presented, we have a case that enlightens us somewhat on the proposition, viz: What is a new structure? The case of Ferrine v. Parker, Receiver, 34 N. J. L. 352, is as follows: —
“The terms ‘if any building or addition shall be erected on any lot’, etc., used in the charter of the city of Trenton, in reference to additional assessments, held to mean only lateral additions which occupy lands without the limits of the original building. Additions in height or depth are merely alterations, and not within the meaning of the charter.”
And in the case referred to the syllabus further states: — ■
W. M. Ampt, for Plaintiff.
Frank F. Dmsmore, Assistant Coun-ty Solicitor, for Defendants.
“The term ‘addition to a building’, as used in the 5th section of the Mechanics’ Lien Law, was defined by Chief Justice Green to be a lateral addition, one which occupies land without the limits of the original building, and that, adding to its height or depth, or changing its interior was merely an alteration,and not an addition.”
It must be presumed that the legislature in the act now considered employed the word “addition” in the sense which judicial construction had given it, and that its purpose was to subject to increased assessment only a lateral addition. If the term “addition” was held to include every improvement which adds to the value of property.it would virtually defeat the object of this special law, and impose a necessity in almost every case of making an annual assessment, bringing within its reach every real estate owner who put in a new door, mantle, or lock, or who put on his house a coat of paint. If the new structure covered a new area of ground, then there could be no question. If the building were destroyed, so that but a shadow of itself remained, it would be a new structure. If some changes are made, not so radical that the identity of the original is destroyed, it is plain that this is only a repair or modification, and not a new structure.
What is the evidence in this case? It is not necessary to lay down any ironclad or inflexible rule as to what constitutes a new structure, and we do not. Under the evidence in this case we do not subscribe to the view that this was a new structure. No notice having been given in this case, we are of the opinion and so hold, that the action of the board was unauthorized and void, and the injunction is made perpetual.